## INJURY TO PERSONS WALKING ON RAILWAY TRACK.

Circuit Court of Summit County.

THE C., A. & C. RAILROAD COMPANY v. PATRICK BROWN.

Decided, April 21, 1905.

*Negligence—Railroad Crew Running Down Person on Track—Special
Finding.*

In an action for damages against a railroad company for negligently
running down and injuring a person walking on the track, where
the case turned upon the question whether the crew in charge of the
engine, after they discovered that the plaintiff was in danger of
being struck by the engine used all reasonable efforts to prevent
the accident to him, or not, and that question was submitted to
the jury for a special finding thereon and the jury answered, "We
can not tell," the plaintiff is not entitled to a recovery.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The defendant in error was severely injured on the 21st of
September, 1901, by being struck by an engine of the plaintiff in
error at a point a short distance south of the city of Akron.
At the same time one Jenkins, who was with Brown, was killed;
the two men were together. Suit was brought by the adminis-
trator of the estate of Jenkins; a recovery was had and judgment
entered for the administrator. Upon proceedings in error pros-
ecuted by the railroad company in this court that judgment was
affirmed; to that judgment of affirmance the railroad company
prosecuted error to the Supreme Court, where the judgments
of both this court and the court of common pleas were reversed
and judgment was entered for the plaintiff in error. In the man-
date issued by the Supreme Court, this language is used:

"It is considered and adjudged that upon the special finding
of the jury and the conceded facts appearing of record, the
plaintiff in error was entitled to a judgment in the court of
common pleas against the defendant in error."

The special finding referred to consists of the following in-
terrogatory submitted to the jury, and its answer:

"After the crew in charge of the engine discovered that Jenkins was in danger of being struck by the engine, did they use all reasonable efforts to prevent the accident to Jenkins?

"Answer. Yes, but too late on account of not keeping a proper lookout."

Substituting the name "Brown" for "Jenkins" the same interrogatory was submitted to the jury in the present case, and this was answered in these words: "We can not tell."

It can hardly be claimed that this was more favorable to the plaintiff below than the answer in the Jenkins case was to the plaintiff in that case. Here the jury were unable to say that the engine crew did not use all reasonable care to prevent the accident after they knew of Brown's danger, and Brown was not entitled to recover on account of the negligence of the crew, after discovering his perilous condition without an affirmative finding that it failed to use such care.

In the Jenkins case they found such care was used but that the discovery came too late for want of a lookout.

As has been said, before a recovery could be had, on account of negligence of the crew, after discovery, the jury must have found that there was such negligence; this they said they could not do.

In the Jenkins case the jury said the discovery came too late, for want of proper lookout; this finding is not made in this case.

Whatever facts were *conceded* by the plaintiff in the Jenkins case which are not conceded by plaintiff here, we find none which can aid the defendant in error.

It is urged that the evidence here shows that the engine could be stopped in a very short distance and that the testimony of Hillier found on page 98 as to what the engineer said after the accident, are items of evidence which were not in the Jenkins case. The testimony of Hillier is that he heard the engineer say after the accident that he, the engineer, saw two men on the track; that he slackened up a little and then supposing that they left the track, he put on a little more steam. These two items bear only on the question of whether the crew on the engine did their duty after they knew of the peril of Brown, and the

jury have said that they could not find that the crew failed to do its duty.

The case is so exactly parallel with the Jenkins case that we feel that the judgment can not be affirmed without wholly disregarding the judgment of the Supreme Court in that case, and this, of course, we are not at liberty to do.

We also feel that it would be idle to reverse the judgment and remand the case for further proceedings, but that our plain duty is to follow the example of the Supreme Court and reverse this judgment for error in overruling the motion for a new trial, and enter final judgment for the plaintiff in error, which will be the order.